**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FREDERICK BURGOS

       Plaintiff,

v.

LVNV FUNDING, LLC.
CREDIT CONTROL, LLC,.
TRANS UNION LLC.,
EQUIFAX INC.,
EXPERIAN INFORMATION SOLUTIONS, INC.

       Defendants.

Case No.

## <u>COMPLAINT</u>

NOW COMES Plaintiff, FREDERICK BURGOS ("Plaintiff"), by and through her attorneys, hereby alleging the following against Defendants LVNV FUNDING, LLC ("LVNV") and CREDIT CONTROL, LLC., ("CREDIT CONTROL.") as well as against TRANS UNION LLC., ("TRANS UNION") EQUIFAX INC., ("EQUIFAX") EXPERIAN INFORMATION SOLUTIONS, INC., ("EXPERIAN") (collectively "CRA Defendants"):

**Nature of the Action**

1. This action arises pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA") Fla. Stat. § 559.55 *et seq*.

**Parties**

2.    Plaintiff is a natural person at all times relevant residing in Hillsborough County, in the City of Seffner, in the State of Florida.

3.    At all times relevant, Plaintiff was a "consumer," as that term is defined by 15 U.S.C. § 1692a(3).

4.    At all times relevant, Plaintiff was a "consumer," as that term is defined by 15 U.S.C. § 1681a(c).

5.    Defendant CREDIT CONTROL is a corporation conducting business in the State of Florida and is headquartered in Earth City, Missouri.

6.    Defendant CREDIT CONTROL is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6)

7.    Defendant LVNV is a corporation conducting business in the State of Florida and is headquartered in Greenville, South Carolina.

8.    Defendant LVNV CORP is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6)

9.    Defendant TRANS UNION is a corporation conducting business in the State of Ohio and is headquartered in Chicago, Illinois.

10.    Defendant TRANS UNION is a "person" as that term is defined by 15 U.S.C. § 1681a(b).

11.    Defendant TRANS UNION is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681(d).

12.    Defendant TRANS UNION is a "consumer reporting agency" ("CRA") as that

2

term is described in 15 U.S.C. § 1681a(f).

13.    Defendant EXPERIAN is a corporation conducting business in the State of Ohio and is headquartered in Costa Mesa, California.

14.    Defendant EXPERIAN is a "person" as that term is defined by 15 U.S.C. § 1681a(b).

15.    Defendant EXPERIAN is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681(d).

16.    Defendant EXPERIAN is a "consumer reporting agency" ("CRA") as that term is described in 15 U.S.C. § 1681a(f).

17.    Defendant, EQUIFAX, is a credit reporting agency doing business in the State of Florida, with its principal place of business located in Atlanta, Georgia.

18.    Defendant, EQUIFAX, is a "credit reporting agency" as defined by 15 U.S.C § 1681a(f).

19.    Defendant, EQUIFAX, is a "person" as that term is defined by 15 U.S.C. § 1681a(b)

20.    Defendant EQUIFAX is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681(d).

21.    At all times relevant to this Complaint, Defendants acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

3

**Jurisdiction and Venue**

22.     Jurisdiction of this Court arises under 28 U.S.C. § 1331.

23.     Venue is proper pursuant to 28 U.S.C. § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

**Facts**

24.     Plaintiff is a consumer who is the victim of unfair debt collection practices by LVNV and CREDIT CONTROL regarding debt accounts that he never had with Credit One Bank.

25.     In addition, Plaintiff has also suffered inaccurate reporting on his credit reports from the three CRA Defendants concerning these two false debt accounts.

26.     Plaintiff only ever had one debt account with Credit One Bank.

27.     That one debt account's identification number ended in x3356.

28.     Plaintiff opened that account on or around July 3, 2017.

29.     Plaintiff paid and closed that account on or around November 1, 2019.

30.     Plaintiff conducted no further business with Credit One Bank.

31.     In or around February, 2022, Plaintiff attempted to purchase a Kia.

32.     His application for an auto loan was rejected in large part because the three CRA Defendants credit reports reflected two adverse credit accounts originally credited from Credit One Bank in Plaintiff's name.

33.     Plaintiff recognized neither of these two accounts.

34.     Plaintiff believed there was nothing he could do about these two accounts.

4

35.    Plaintiff relied on his elderly aunt to cosign the Kia, which he would go on to pay off in full by 2025 because Plaintiff is a worthy debtor.

36.    On or around August, 2023, Defendant LVNV attempted to collect on a debt account ending in x7789 originating from Credit One Bank.

37.    That account has never belonged to Plaintiff.

38.    That account's balance of $1,693 never belonged to Plaintiff.

39.    That false account matched one of the two adversely reported accounts that had disaffected his purchase of the Kia one year earlier.

40.    LVNV sued Plaintiff on or around April 10, 2024 regarding the false x7789 credit account in the County Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, in the Small Claims Division.

41.    On or around July 29, 2025, Defendant CREDIT CONTROL sent Plaintiff a letter.

42.    In this letter, CREDIT CONTROL attempted to collect on the x7789 credit account on LVNV's behalf, even though the debt was still being litigated with LVNV.

43.    The judge assigned the matter to be discussed before a mediator.

44.    Plaintiff showed the court's mediator that his one and only account with Credit One Bank was the account ending in x3356.

45.    Plaintiff showed the court mediator he paid and closed the x3356 account.

46.    Plaintiff showed this lawsuit for the x7789 credit account had no grounds because it was never his account.

47.    The mediator agreed that LVNV had no valid proof of the debt so there could be no case.

48.    Unable to verify the account in question, LVNV moved to voluntarily dismiss its lawsuit against then Defendant, now Plaintiff Mr. Frederick Burgos.

49.    The court dismissed the case on or around August 8, 2025.

50.    Plaintiff happily considered the matter resolved so he carried on with his business as though that stressful ordeal was done and away with.

51.    But LVNV sent Plaintiff a letter on or around September, 2025.

52.    In that letter, LVNV attempted to collect on a second false debt account.

53.    This second false debt account's number ended in x0321.

54.    The x0321 account has a balance of $1,016 which never belonged to Plaintiff.

55.    This second false debt account matched the other account that had disaffected his purchase of the Kia three years earlier.

56.    Here, LVNV frustrated Plaintiff who believed he was observing a trend in LVNV's conduct against him.

57.    Plaintiff evolved from frustrated to angry with Defendants CREDIT CONTROL and LVNV because their deceptive gestures wasted his time and patience in order to unlawfully shake him down for his money.

58.    At that time, Plaintiff became aware that LVNV was blatantly ignoring the court's findings and undermining its own dismissal of its own case.

59.    Plaintiff recognized Defendant LVNV could report either one of the two false debts accounts to the Credit Reporting Agencies to injure his credit, reputation, and finances to ultimately pressure him into paying money he never owed.

60.    Plaintiff also recognized that this was Defendant LVNV's most probable action given the nature of their past mistreatment against him.

6

61.     Thus, on or around August 6, 2025, Plaintiff generated one credit report from each of the Credit Reporting Agency Defendants EXPERIAN, TRANS UNION, and EQUIFAX to verify his Credit Profile had not been sullied by LVNV.

62.     Therein, Plaintiff discovered LVNV had reported not only one, but both false debt accounts to the CRA Defendants EXPERIAN, TRANS UNION, and EQUIFAX.

63.     Both accounts appeared as adverse or delinquent, and in a collection status for several years, on all three credit reports from EXPERIAN, TRANS UNION, and EQUIFAX.

64.     Plaintiff disputed the legitimacy of the debts.

65.     In his three disputes, Plaintiff enclosed documentation of the dismissed legal case to prove those x7789 and x0321 debt accounts were not his.

66.     Plaintiff delivered a dispute to each CRA Defendant on or around August 18, 2025.

67.     The CRA Defendants never responded to Plaintiff's dispute.

68.     The CRA Defendants never shared any results from their investigations concerning Plaintiff's dispute.

69.     On or around October 7, 2025, Plaintiff pulled another credit report from each of the CRA Defendants.

70.     To his fury, all three CRA Defendants continued reporting the false debt accounts.

71.     Only Defendant TRANS UNION stated that the debt accounts were disputed by Plaintiff though it still reported those false debts.

72.     The other two CRA Defendants did not even amend their reports to disclose that Plaintiff had disputed the debt accounts.

73.     Had the CRA Defendants conducted a reasonable investigation, they would not have continued reporting these two obviously false debt accounts in Plaintiff's name.

74. This entire matter has demanded Plaintiff's time, energy, finances, and well-being for more than three years, and has shown no sign of stopping despite Plaintiff's fighting to protect his reputation and property.

75. Plaintiff is 64 years old.

76. Defendants' conduct left Plaintiff angry but their insistence has exhausted Plaintiff's patience and traded his anger for distress.

77. Plaintiff has experienced episodes of depression in this time.

78. Plaintiff is on disability, so he is restricted to a fixed income.

79. Plaintiff grew to feel ashamed, like a good for nothing or a deadbeat because he could not get a car loan on his own years earlier.

80. Plaintiff feared going to courts because he could not afford to litigate his own case.

81. Sieged by Defendants LVNV, CREDIT CONTROL and flanked by the CRA Defendants, Plaintiff now turns to this Honorable Court to save him.

**COUNT I – LVNV FUNDING, LLC.**
**Violation of the Fair Debt Collection Practices Act**
**15 U.S.C. § 1692d**

82. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in paragraphs 1-81.

83. Defendant LVNV's violations of 15 U.S.C. § 1692d include but are not limited to engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of the x7789 debt account.

84. As a result of this conduct, action, and inaction of LVNV, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation,

8

emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

85. Pursuant to 15 U.S.C. § 1692k(a), Defendant is liable to Plaintiff in an amount equal to the sum of any actual damage sustained by Plaintiff as a result of Defendant's conduct and such additional damages as the courts may allow, but not exceeding $1,000, and the costs of the action together with a reasonable attorney's fee as determined by the court.

<u>**COUNT II – LVNV FUNDING, LLC.**</u>
<u>**Violation of the Fair Debt Collection Practices Act**</u>
<u>**15 U.S.C. § 1692d**</u>

86. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in paragraphs 1-81.

87. Defendant LVNV's violations of 15 U.S.C. § 1692d include but are not limited to engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of the x0321 debt account.

88. As a result of this conduct, action, and inaction of LVNV, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

89. Pursuant to 15 U.S.C. § 1692k(a), Defendant is liable to Plaintiff in an amount equal to the sum of any actual damage sustained by Plaintiff as a result of Defendant's conduct and such additional damages as the courts may allow, but not exceeding $1,000, and the costs of the action together with a reasonable attorney's fee as determined by the court.

## COUNT III – LVNV FUNDING, LLC.
### Violation of the Fair Debt Collection Practices Act
### 15 U.S.C. § 1692e

90.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in paragraphs 1-81.

91.    Defendant LVNV's violations of 15 U.S.C. § 1692e include but are not limited to:

a.  Violation of 15 U.S.C. § 1692e(2)(A) by falsely representing the character and amount of the x7789 debt account

b.  Violation of 15 U.S.C. § 1692e(2)(B) by falsely representing the compensation which may be lawfully received by LVNV for the collection of the relevant debt.

c.  Violation of 15 U.S.C. § 1692e(5) by reporting the debt that cannot be legally reported by Defendant concerning the debt account ending in x7789.

d.  Violation of 15 U.S.C. § 1692e(8) by threatening to communicate, and actually communicating,  to any person credit information which is known or which should be known to be false.

e.  Violation of 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

92.    As a result of this conduct, action, and inaction of LVNV., Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

93.     Pursuant to 15 U.S.C. § 1692k(a), Defendant is liable to Plaintiff in an amount equal to the sum of any actual damage sustained by Plaintiff as a result of Defendant's conduct and such additional damages as the courts may allow, but not exceeding $1,000, and the costs of the action together with a reasonable attorney's fee as determined by the court.

### COUNT IV – LVNV FUNDING, LLC.
### Violation of the Fair Debt Collection Practices Act
### 15 U.S.C. § 1692e

94.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in paragraphs 1-81.

95.     Defendant LVNV's violations of 15 U.S.C. § 1692e include but are not limited to:

f.   Violation of 15 U.S.C. § 1692e(2)(A) by falsely representing the character and amount of the x0321 debt account

g.   Violation of 15 U.S.C. § 1692e(2)(B) by falsely representing the compensation which may be lawfully received by LVNV for the collection of the relevant debt.

h.   Violation of 15 U.S.C. § 1692e(5) by reporting the debt that cannot be legally reported by Defendant concerning the debt account ending in x0321.

i.   Violation of 15 U.S.C. § 1692e(8) by threatening to communicate, and actually communicating,  to any person credit information which is known or which should be known to be false.

j.   Violation of 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

96.     As a result of this conduct, action, and inaction of LVNV., Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

97.     Pursuant to 15 U.S.C. § 1692k(a), Defendant is liable to Plaintiff in an amount equal to the sum of any actual damage sustained by Plaintiff as a result of Defendant's conduct and such additional damages as the courts may allow, but not exceeding $1,000, and the costs of the action together with a reasonable attorney's fee as determined by the court.

## COUNT V – LVNV FUNDING, LLC.
### Violation of the Fair Debt Collection Practices Act
### 15 U.S.C. § 1692f(1)

98.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in paragraphs 1-81

99.     Defendant LVNV's violations of 15 U.S.C. § 1692f include but are not limited to:

a.  Violation of 15 U.S.C. § 1692f for using unfair or unconscionable means to attempt to collect on the x7789 debt account.

b.  Violation of 15 U.S.C. § 1692f(1) for attempting to collect on interest, fees, charges, or expenses incidental to the principal obligation not expressly authorizing by the agreement creating the debt nor permitted by law.

100.    As a result of this conduct, action, and inaction of LVNV, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

101.   Pursuant to 15 U.S.C. § 1692k(a), Defendant is liable to Plaintiff in an amount equal to the sum of any actual damage sustained by Plaintiff as a result of Defendant's conduct and such additional damages as the courts may allow, but not exceeding $1,000, and the costs of the action together with a reasonable attorney's fee as determined by the court.

**COUNT VI – LVNV FUNDING, LLC.**
**Violation of the Fair Debt Collection Practices Act**
**15 U.S.C. § 1692f(1)**

102.   Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in paragraphs 1-81

103.   Defendant LVNV's violations of 15 U.S.C. § 1692f include but are not limited to:

c.   Violation of 15 U.S.C. § 1692f for using unfair or unconscionable means to attempt to collect on the x0321 debt account.

d.   Violation of 15 U.S.C. § 1692f(1) for attempting to collect on interest, fees, charges, or expenses incidental to the principal obligation not expressly authorizing by the agreement creating the debt nor permitted by law.

104.   As a result of this conduct, action, and inaction of LVNV, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

105.   Pursuant to 15 U.S.C. § 1692k(a), Defendant is liable to Plaintiff in an amount equal to the sum of any actual damage sustained by Plaintiff as a result of Defendant's conduct and such additional damages as the courts may allow, but not exceeding $1,000, and the costs of the action together with a reasonable attorney's fee as determined by the court.

## COUNT VII – LVNV FUNDING, LLC.
## Violation of the Fair Debt Collection Practices Act
## 15 U.S.C § 1692j

106.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in paragraphs 1-81

107.    Defendant LVNV.'s violations of 15 U.S.C. § 1692j include, but are not limited to, designing, compiling, and furnishing any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

108.    As a result of this conduct, action, and inaction of LVNV, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

109.    Pursuant to 15 U.S.C. § 1692k(a), Defendant is liable to Plaintiff in an amount equal to the sum of any actual damage sustained by Plaintiff as a result of Defendant's conduct and such additional damages as the courts may allow, but not exceeding $1,000, and the costs of the action together with a reasonable attorney's fee as determined by the court.

## COUNT VIII – CREDIT CONTROL, LLC.
## Violation of the Fair Debt Collection Practices Act
## 15 U.S.C. § 1692d

110.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in paragraphs 1-81.

14

111.    Defendant CREDIT CONTROL'S violations of 15 U.S.C. § 1692d include but are not limited to engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of the x7789 debt account.

112.    As a result of this conduct, action, and inaction of CREDIT CONTROL, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

113.    Pursuant to 15 U.S.C. § 1692k(a), Defendant is liable to Plaintiff in an amount equal to the sum of any actual damage sustained by Plaintiff as a result of Defendant's conduct and such additional damages as the courts may allow, but not exceeding $1,000, and the costs of the action together with a reasonable attorney's fee as determined by the court.

## COUNT IX – CREDIT CONTROL, LLC.
### Violation of the Fair Debt Collection Practices Act
### 15 U.S.C. § 1692e

114.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in paragraphs 1-81.

115.    Defendant CREDIT CONTROL violations of 15 U.S.C. § 1692e include but are not limited to:

k.  Violation of 15 U.S.C. § 1692e(2)(A) by falsely representing the character and amount of the x7789 debt account

l.  Violation of 15 U.S.C. § 1692e(2)(B) by falsely representing the compensation which may be lawfully received by CREDIT CONTROL for the collection of the relevant debt.

15

m. Violation of 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

116. As a result of this conduct, action, and inaction of CREDIT CONTROL., Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

117. Pursuant to 15 U.S.C. § 1692k(a), Defendant is liable to Plaintiff in an amount equal to the sum of any actual damage sustained by Plaintiff as a result of Defendant's conduct and such additional damages as the courts may allow, but not exceeding $1,000, and the costs of the action together with a reasonable attorney's fee as determined by the court.

### COUNT X – CREDIT CONTROL, LLC.
**Violation of the Fair Debt Collection Practices Act**
**15 U.S.C. § 1692f(1)**

118. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in paragraphs 1-81

119. Defendant CREDIT CONTROL'S violations of 15 U.S.C. § 1692f include but are not limited to:

e. Violation of 15 U.S.C. § 1692f for using unfair or unconscionable means to attempt to collect on the x7789 debt account.

f. Violation of 15 U.S.C. § 1692f(1) for attempting to collect on interest, fees, charges, or expenses incidental to the principal obligation not expressly authorizing by the agreement creating the debt nor permitted by law.

120. As a result of this conduct, action, and inaction of CREDIT CONTROL, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

121. Pursuant to 15 U.S.C. § 1692k(a), Defendant is liable to Plaintiff in an amount equal to the sum of any actual damage sustained by Plaintiff as a result of Defendant's conduct and such additional damages as the courts may allow, but not exceeding $1,000, and the costs of the action together with a reasonable attorney's fee as determined by the court.

**COUNT XI – CREDIT CONTROL, LLC.**
**Violation of the Fair Debt Collection Practices Act**
**15 U.S.C § 1692j**

122. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in paragraphs 1-81

123. Defendant CREDIT CONTROL's violations of 15 U.S.C. § 1692j include, but are not limited to, designing, compiling, and furnishing any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

124. As a result of this conduct, action, and inaction of CREDIT CONTROL, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

125. Pursuant to 15 U.S.C. § 1692k(a), Defendant is liable to Plaintiff in an amount equal to the sum of any actual damage sustained by Plaintiff as a result of Defendant's conduct.

## COUNT XII– LVNV FUNDING, LLC.
## Violation of the Fair Credit Reporting Act
## 15 U.S.C. § 1681s-2(b)

126.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-81.

127.    After receiving Plaintiff's dispute regarding the Account, LVNV failed to reasonably reinvestigate its reporting of the information regarding the Account on Plaintiff's consumer report.

128.    LVNV violated 15 U.S.C. §1681s-2(b) by failing to conduct a reasonable investigation with respect to the information disputed by Plaintiff, by failing to review all relevant information regarding Plaintiff's dispute, by failing to accurately report the results of the investigation to all three CRA Defendants, and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of LVNV's representations to the CRAs.

129.    As a result of this conduct, action, and inaction of LVNV, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

130.    LVNV's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

131.    In the alternative, LVNV was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

132.    Plaintiff is entitled to recover costs and attorneys' fees from LVNV, pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

**COUNT XIII – TRANS UNION**
**Violation of the Fair Credit Reporting Act**
**15 U.S.C. § 1681e(b)**

133.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-81.

134.    After receiving Plaintiff's dispute regarding the Account, TRANS UNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

135.    TRANS UNION violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that TRANS UNION published and maintained concerning Plaintiff.

136.    As a result of this conduct, action and inaction of TRANS UNION, Plaintiff suffered damage and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

137.    TRANS UNION's conduct, action, and inaction were willful, rendering Defendant TRANS UNION liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

138.    In the alternative, TRANS UNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

139.    Plaintiff is entitled to recover costs and attorneys' fees from TRANS UNION, pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT XIV – TRANS UNION**
**Violation of the Fair Credit Reporting Act**
**15 U.S.C. § 1681i**

140.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-81.

141. After receiving Plaintiff's dispute for the Account, TRANS UNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

142. Defendant TRANS UNION violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

143. As a result of this conduct, action and inaction of TRANS UNION, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

144. TRANS UNION's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

145. In the alternative, Defendant TRANS UNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

146. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TRANS UNION pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT XV – EXPERIAN**
**Violation of the Fair Credit Reporting Act**
**15 U.S.C. § 1681e(b)**

147. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-81.

148. After receiving Plaintiff's dispute regarding the Account, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

149.    EXPERIAN violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EXPERIAN published and maintained concerning Plaintiff.

150.    As a result of this conduct, action and inaction of EXPERIAN, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

151.    EXPERIAN's conduct, action, and inaction were willful, rendering Defendant EXPERIAN liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

152.    In the alternative, EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

153.    Plaintiff is entitled to recover costs and attorneys' fees from EXPERIAN, pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT XVI – EXPERIAN**
**Violation of the Fair Credit Reporting Act**
**15 U.S.C. § 1681i**

154.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-81.

155.    After receiving Plaintiff's dispute for the Account, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

156.    Defendant EXPERIAN violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

157.    As a result of this conduct, action and inaction of EXPERIAN, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

158.    EXPERIAN's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

159.    In the alternative, Defendant EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

160.    Plaintiff is entitled to recover costs and attorneys' fees from Defendant EXPERIAN pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT XVII – LVNV FUNDING, LLC.**
**Violation of the Florida Consumer Collection Practices Act**
**Fla Stat. § 559.55 *et seq.***

161.    Plaintiff repeats and incorporates by reference into this paragraph the allegations set forth above in paragraphs 1-81

162.    Defendant LVNV's violations of Fla. Stat. § 559.55 *et seq*. include, but are not limited to the following:

a. Defendant violated Fla. Stat. § 559.55(5) by disclosing to a person other than the debtor or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the information is false

b. Defendant violated Fla. Stat. § 559.55(6) by disclosing information concerning the existence of the x7789 debt account which was known to be reasonably disputed by the debtor without disclosing that fact.

c. Defendant violated Fla. Stat. § 559.55(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of his family.

d. Defendant violated Fla. Stat. § 559.55(9) by claiming and attempting to enforce the x7789 debt account when knowing that the debt is not legitimate.

163.    As a result of this conduct, action and inaction of LVNV, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

164.    Pursuant to Fla. Stat. § 559.77(2), Defendant is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

165.    Pursuant to the same, The court may award punitive damages and may provide such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part.

## COUNT XVIII – LVNV FUNDING, LLC.
### Violation of the Florida Consumer Collection Practices Act
### Fla Stat. § 559.55 *et seq.*

166.    Plaintiff repeats and incorporates by reference into this paragraph the allegations set forth above in paragraphs 1-81

167.    Defendant LVNV's violations of Fla. Stat. § 559.55 *et seq*. include, but are not limited to the following

a. Defendant violated Fla. Stat. § 559.55(5) by disclosing to a person other than the debtor or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the information is false

b. Defendant violated Fla. Stat. § 559.55(6) by disclosing information concerning the existence of the x0321 debt account which was known to be reasonably disputed by the debtor without disclosing that fact

c. Defendant violated Fla. Stat. § 559.55(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of his family.

d. Defendant violated Fla. Stat. § 559.55(9) by claiming and attempting to enforce the x0321 debt when knowing that the debt is not legitimate.

168. As a result of this conduct, action and inaction of LVNV, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

169. Pursuant to Fla. Stat. § 559.77(2), Defendant is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

170. Pursuant to the same, The court may award punitive damages and may provide such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part.

**COUNT XIX – CREDIT CONTROL, LLC.**
**Violation of the Florida Consumer Collection Practices Act**
**Fla Stat. § 559.55 *et seq.***

171. Plaintiff repeats and incorporates by reference into this paragraph the allegations set forth above in paragraphs 1-81

172. Defendant CREDIT CONTROL's violations of Fla. Stat. § 559.55 *et seq.* include, but are not limited to the following:

a. Defendant violated Fla. Stat. § 559.55(6) by disclosing information concerning the existence of the x7789 debt account which was known to be reasonably disputed by the debtor without disclosing that fact.

b. Defendant violated Fla. Stat. § 559.55(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of his family.

c. Defendant violated Fla. Stat. § 559.55(9) by claiming and attempting to enforce the x7789 debt account when knowing that the debt is not legitimate.

173.    As a result of this conduct, action and inaction of CREDIT CONTROL, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

174.    Pursuant to Fla. Stat. § 559.77(2), Defendant is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

175.    Pursuant to the same, The court may award punitive damages and may provide such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part.

### Prayer For Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for negligent or willful noncompliance with the Fair Debt Collection Practices Act and prays for the following:

a) Actual damages to be proven at trial, pursuant to 15 U.S.C. § 1692k(a)(1)

b) Additional statutory damages as the court may allow but not exceeding $1,000 per violation pursuant to 15 U.S.C. § 1692k(a)(2)(A)

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3);

d) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

e) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

f) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3);

g) Actual, statutory, and punitive damages together with reasonable attorney's fees incurred by Plaintiff pursuant to Fla. Stat. 559.77(2); and,

h) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: 03/31/2026                                        Respectfully submitted,

                                                        */s/ Mitchell Ortega*
                                                        Mitchell Ortega
                                                        Gator Law, P.C.
                                                        2 N Central Avenue, Suite 1800
                                                        Phoenix, AZ 85004
                                                        P: (385) 324-5471
                                                        E: attorneys@gatorlawpc.com

                                                        Attorneys for Plaintiff,
                                                        FREDERICK BURGOS