**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| FREDERICK BURGOS,<br><br>Plaintiff,<br><br>v.<br><br>LVNV FUNDING, LLC, CREDIT CONTROL, LLC, TRANS UNION LLC, EQUIFAX INC., EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>Defendants. | Case No. 8:26-cv-00923-JLB-AAS |

**PLAINTIFF'S OPPOSITION TO DEFENDANT CREDIT CONTROL, LLC'S MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT**

Plaintiff, Frederick Burgos ("Plaintiff"), through his attorneys, hereby moves this Court, pursuant to Local Rule 3.01(b), to deny Defendant Credit Control's Motion to Dismiss on the grounds that the Court has Article III jurisdiction and Defendant fails to recognize Plaintiff's claims against it. In support of this opposition, Plaintiff states as follows:

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

The factual allegations Plaintiff alleges against Credit Control in his complaint are not restrained to Credit Control sending a letter attempting to collect

- 1 -

on the account ending in -7789 on behalf of LVNV Funding, LLC ("LVNV"). As Plaintiff's complaint details, Plaintiff's allegations against Credit Control include its role in attempting to collect on a debt not owed by Plaintiff, a debt that was not incurred by Plaintiff, and a debt that LVNV had already attempted to sue Plaintiff to collect upon. The remaining context in the complaint concerning both LVNV's misconduct, LVNV and Credit Control's cooperative relationship, and the account ending in -7789 indicate Defendant Credit Control's liability resulting from its role in causing Plaintiff's actual harm.

## II.     BACKGROUND

Plaintiff is a consumer who is the victim of unfair debt collection practices by LVNV and Credit Control. Moreover, this case is about a debt that Plaintiff did not incur and was unaware was associated with his name until he was sued by LVNV in its attempt to collect on the underlying account. Plaintiff and LVNV litigated the alleged debt with account number ending in 7789. Through the process of litigating Plaintiff's obligation to repay the alleged debt, Plaintiff was able to show LVNV that he did not incur the debt and that the debt was likely the result of identity theft. After communicating these facts to LVNV, LVNV dismissed the underlying case against Plaintiff. Plaintiff did not owe any debt on that account and had no obligation to repay the alleged debt. Plaintiff's claims now come against Credit Control, as well as LVNV, for its attempt to collect on the

alleged debt that Plaintiff has already explained to Credit Control's principal, i.e. LVNV, he did not incur and was not obligated to repay.

### III.    STANDARD OF REVIEW

### B. Article III Standing.

"For there to be a case or controversy under Article III, the plaintiff must have a personal stake in the case—in other words, standing." *TransUnion, LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (internal quotation marks omitted). "[T]he irreducible constitutional minimum of standing contains three elements." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). "[A] plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion, LLC*, 594 U.S. at 423.

"The 'foremost' standing requirement is injury in fact." *Trichell v. Midland Credit Mgmt.*, 964 F.3d 990, 996 (11th Cir. 2020) (citing *Steel Co. v. Citizens* for a *Better Env't*, 523 U.S. 83, 103 (1998). "An injury in fact consists of 'an invasion of a legally protected interest' that is both 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Defs. of Wildlife*, 504 U.S. at 560). "A 'concrete' injury must be 'de facto'; that is, it must actually exist." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340, 136 S. Ct. 1540, 1548 (2016) (citation omitted). "For an injury to be 'particularized,' it 'must affect the plaintiff in a

personal and individual way.'" *Id.* (citations omitted). "Each subsidiary element of injury—a legally protected interest, concreteness, particularization, and imminence—must be satisfied." *Trichell*, 964 F.3d at 997 (citations omitted).

"Second, there must be causation -- a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant." *Steel Co.*, 523 U.S. at 103.

### C. Failure to State a Claim for Relief.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

## IV.   ARGUMENT

### A. Plaintiff's Injuries Support a Finding of Article III Standing Against Credit Control

In its motion, Defendant fails to appreciate that the damages Plaintiff suffered from Credit Control are separate from other Defendants' credit reporting. Plaintiff suffered emotional distress together with interference to his normal and

usual activities because of Defendant's debt collection activity. Plaintiff's "wasted time or energy, shame, anger" regarding which Defendant questions its causation, to resulted from Credit Control's misconduct, apparent both in cooperation with LVNV, and independent from, the other Defendants' conduct. Doc. 23, ¶ 8.

The simplest matter, which Defendant omits to consider in its motion despite being pleaded in the complaint, is as follows: Defendant attempted to collect a debt (x7789). Doc. 1, ¶ 24. Plaintiff did not owe this debt. Id. at ¶¶ 37-40. Plaintiff suffered emotional distress because of Defendant's conduct. Id. at ¶¶ 112, 116, 120, 124.

Case law establishes that even facts as simple as these establish injury-in-fact to ascertain Article III standing. The 7th Circuit Court of Appeals described this when it discussed debts which debtors do not actually owe:

> The emotional distress, anxiety, fear, and stress she [Plaintiff] experienced were foreseeable, and arguably intended, responses to defendant's attempt to collect the zombie debt. Congress told the federal courts to provide a damages remedy for such conduct. That choice is well within Congress's legislative powers over interstate commerce to go beyond the common law. "To say that there is no injury in this economy when a person receives a dunning letter demanding money that is not owed not only ignores the realities of everyday life, it also ignores the findings of Congress and constitutes a direct affront to a congressional prerogative at the core of the legislative function." *Markakos*, 997 F.3d at 785 (Ripple, J., concurring in judgment); *Demarais*, 869 F.3d at 692 (attempt to collect debt not owed caused real and foreseeable mental distress familiar to law). Pierre v.

*Midland Credit Mgmt.*, 29 F.4th 934, 947 (7th Cir. 2022).

Plaintiff suffered additional emotional distress as a result of Defendant sending its collection letter, largely because he does not owe the debt, like in *Pierre.* This materially opposes Defendant's assertion that the unwanted receipt of a single letter "can adequately support standing under the FDCPA." Doc. 23, ¶ 11.

Further allegations are left for inference, rather than being expressed in the complaint. For the sake of a complete argument, they will be expressed here. Credit Control's collection efforts on LVNV's account must result from their communications. On information and belief, because of those communications, Credit Control knew, or had reason to know, that this debt had already been litigated. Plaintiff has already shown LVNV that he did not incur the debt and LVNV dismissed the lawsuit. Credit Control's willful consequently exacerbated the Plaintiff's damages. Very similar circumstances and harm(s) were contemplated by the Eight Circuit Court of Appeals in *Demarais v. Gurstel Chargo, P.A* when the court held:

> With § 1692f(1), Congress identified a harm—being subjected to attempts to collect debts not owed. This "alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." It is similar to the harm suffered by victims of the common-law torts of malicious prosecution, wrongful use of civil proceedings, and abuse of process. *See, e.g., Bertero v. Nat'l Gen. Corp.*, 13 Cal. 3d 43, 118 Cal. Rptr. 184, 529 P.2d 608, 614 (Cal. 1974) (en banc) ("The individual is harmed because he is compelled to defend against a fabricated claim which not only subjects him to the panoply of psychological pressures most civil defendants suffer, but also to the additional stress of attempting to resist a suit commenced out of spite [**8] or ill will, often magnified by slanderous allegations in the pleadings.")

*Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685, 691 (8th Cir. 2017) (cited by the dissent in *Hunstein v. Preferred Collection & Mgmt. Servs.*, 48 F.4th 1236, 1265-6 (11th Cir. 2022)) (Internal citations omitted).

Defendant's reliance on *Preisler v. Eastpoint Recovery Grp.*, to challenge the concreteness of Plaintiff's injuries is unpersuasive reliance on the sister court's concern with fabricating concrete injuries because the Defendant suggests that this court overlook the facts leading to its letter. This is a debtor Plaintiff was already sued on and defended himself on. LVNV could not substantiate the debt in that underlying lawsuit. Credit Control's effort to collect on the same debt would reasonably trigger greater upset from Plaintiff than another Plaintiff without such history, and Defendant probably knew this because it received the debt and its underlying information from LVNV.

In *Spokeo, Inc. v. Robins* the Supreme Court of the United States established that intangible injuries, such as emotional distress, are concrete when the "intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 136 S. Ct. 1540 (2016), 340-41. The 11th Circuit Court of Appeals and the District Court for the Middle District of Florida are two such courts who have regarded emotional damages as a basis for a lawsuit. *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 943 (11th Cir. 2021). The 11th Circuit Court of Appeals relied on *Spokeo* in *Losch* v. *Nationstar Mortgage LLC*, where it

assessed that "Losch's statements regarding stress, anxiety, and lack of sleep are not mere conclusory recitations of a damages element, and at summary judgment we must take the non-movant's facts – Losch's as true." *Id*. at 944. *See also Harb v. Westlake Servs. LLC*, 748 F. Supp. 3d 1170.

Likewise, this Court relied on the guidance from *Spokeo* and *Losch* in *Harb v. Westlake Services LLC*, where the court found that emotional distress is a concrete injury, when it ruled that the "Plaintiff has identified several concrete, particularized harms, sufficient to establish an injury in fact under Eleventh Circuit precedent, including "wasted time," "emotional distress" . . .. *Id*. at 1181. As in these precedential cases, Plaintiff's emotional distress establishes injury for Article III standing purposes.

Additionally, The District Court for the Middle District of Georgia in *Daniels v. Aldridge Pite Haan, LLP* remains precisely right in stating "the FDCPA is a shield to protect debtors from unethical and illegal debt collectors." *Daniels v. Aldridge Pite Haan, LLP, No. 5:20-CV-00089-TES, 2020 WL 3866649, at \*4 (M.D. Ga. July 8, 2020)*. It is only an unethical or illegal debt collector who knowingly attempts to collect a debt not owed, as Defendant Credit Control has done.

Furthermore, Defendant's debt collection attempt is not comparable to the political flyers in *Consol. Edison Co. of New York* because, unlike flyers,

collection letters often foreshadow litigation to enforce the underlying debt. Such a foreshadowing is not so easily disposed of.

### B. The Complaint States a Claim Against Credit Control

Defendant argues that Plaintiff's allegation that Credit Control sent one letter regarding the account ending in 7789 on July 29, 2025, is insufficient to meet the basic pleading requirements of Fed. R. Civ. P. 8. *See Iqbal*. Again, Defendant is asking this Court to overlook Plaintiff's pleading that he does not owe the debt. Without such light, Defendant's argument could bear weight. But where the debt is not owed, Defendant's letter becomes a communication which engages in the litany of 15 U.S.C. § 1692e *et seq*. which Defendant protests to.

Likewise, Defendant argues that the 15 U.S.C. § 1692f *et seq*. allegations fall flat because of insufficiently pleaded facts. Yet, it stands to reason that Defendant CREDIT CONTROL's "deceptive gestures . . . in order to unlawfully shake him down for his money" constitute unfair and unconscionable debt collection activity. Doc. 1, (¶¶) 57.

### V. CONCLUSION

Accordingly, Defendant Credit Control's motion to dismiss should be denied as a matter of law and they should be instructed to file an answer in the pending matter. In the alternative, if this Court is not inclined to deny Defendant's motion,

Plaintiff should be given leave to amend his complaint to address this Court's concerns.


Dated: May 20, 2026

Respectfully submitted,

<u>/s/ Mitchell Ortega</u>
Mitchell Ortega
Gator Law, P.C.
2 N Central Avenue, Suite 1800
Phoenix, AZ 85004
P: (385) 324-5471
E: attorneys@gatorlawpc.com
Attorneys for Plaintiff,
FREDERICK BURGOS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on 05/20/2026, I served Plaintiff's Opposition Response using the CM/ECF system, which will provide an auto generated notice to all counsel of record.

By: <u>*s/ Mitchell Ortega*</u>
Mitchell Ortega